## WOOLSEY WAPLES v. NATHANAEL WAPLES and EDWARD HALL.

Court of Common Pleas. Sussex. November 22, 1798.

*Wilson's Red Book, 217.*\*

*Wilson* for plaintiff. *Bayard* and *Ridgely* for defendants.

Evidence. That Burton Waples died about the 12th of September, 1796. His will was shown, wherein he devised to plaintiff the eastern moiety of his manor plantation with his dwelling house and appurtenances and also a plantation situate etc. That there was corn growing on each of the said pieces of ground so devised to plaintiff, and potatoes etc.; that only a very small part of the fodder was saved when he died. That he was a man not much indebted and left a considerable real and personal estate. That defendants gathered and saved the corn, fodder, and potatoes etc., and carted them away and disposed of them. They were assisted by a Mr. Moore to whom they gave the sixth. He lived with testator at the time of his death, and, by an article of agreement, was to work the farm for testator, having the use of his hands and team; he was to suffer a hand to go fishing, etc., occasionally and was to assist with a crop of wheat on the ground and was to live with said Waples, and at his expense. (This article was proved and read.) A demand of the corn and refusal

---

\* This case is also reported in *Bayard's Notebook, 234; Rodney's Notes,* November 22, 1798.

was proved for plaintiff. Defendants were executors. The other plantation was rented to William Blizard,[1] who was to pay the one-third of what he made. That he was sick when the corn was gathered; that defendants helped to gather it and carted home their part.

*Wilson.* The crop in evidence was the plaintiff's. That where a man dies intestate, his crop, with the rest of the personal estate, falls into the hands of the administrators, who are to account for the same; but where a man makes his will and devises a tract of land to any person, on which there is growing at the time of his death a crop of corn, wheat etc., the devisee takes the crop with the land, unless particularly disposed of in the will, and not the executor or administrator with the will annexed, Cro.Eliz. 61. Note [on] Co.Litt. 55b 2.

*Ridgely* and *Bayard* urged that it could not be the intention of testator that devisee should have the crop, and such intention cannot be proved. The word "appurtenances" in the will would not carry corn in the cribs, and this is equally personal property, 2 Com.Dig. 140. Emblements are chattels and go to the executors or administrators. The authorities read are ancient and entitled to so much respect on that account. Besides, they may be considered as applying when the crop is growing and will require more labor and care; in this case the crop had ceased to grow and was only left on the ground to dry.

But if the law be so in England, it cannot be so here. Lands, by the laws of this state, are supposed to fall into the hands of executors and administrators. A judgment against executor or administrator will bind the lands of testator or intestate. They are allowed to sell them on deficiency of personal estate. The heir or devisee cannot take them until he gives security to executor or administrator for them. When the law allows an executor to petition and sell the lands, there is no mention of the crop, because it was considered as personal estate and, as such, to have been already in his possession; but if he does not take possession of it in that way and devisee should take it, he may hold free of debts, whilst his lands must go, notwithstanding the personal estate must expressly be first applied. Although there may be no Act of Assembly which expressly changes the law in this point, yet we differ in many points of practice from the law of England without the authority of an Act of Assembly, as in the taking in execution growing corn, which cannot be done in England. But in this case, at all events, defendant is not answerable; Moore is answerable, if he delivered the crop to another. Where ground

---

[1] In the charge to the jury, below, this name is spelled "Blizzard."

was rented, as to Mr. Blizard, the executor alone has a remedy against him for performance of his contract or lease.

*Wilson.* The agreement between testator and Moore was not a lease of the farm to Moore but was only a contract for service as an overseer; testator must have paid the tax and remained in possession, for his food was to feed the family, and Moore was to be supported by him.

The only question, then, as to the crop growing on the manor plantation (for it is considered as growing until gathered) is whether the laws of England are to be considered as the laws of Delaware, which give it to devisee. Wills are construed here by the same rules and have the same effect they have in England. We do not rely upon the word "appurtenances" in the will, though perhaps declarative of testator's intention, because the intention as to the crop is not material, provided it is neither excepted nor bequeathed to another person, for by Cro.Eliz. 61 the crop passes by a devise of the lands. We do not deny the crop growing to be personal property, for in England the administrator takes it as such, and it does not pass with the realty to the heir. The executor takes the personal property in England, yet not the crop from the devisee. In the note on Co.Litt. 55, b. 2, it is said to be difficult to assign the reason; perhaps it was so determined by a scrupulous regard of the court to the Statute of Wills. There is a very remarkable difference between our two Acts of Assembly giving to executors and to administrators severally their powers over lands; for it is not necessary (as was argued) for devisee to give bond to executor, yet it is necessary each heir should give administrator such bond before they severally go into possession, from which different wording of the two Acts of Assembly, 1 Del. Laws 281 and 292, it is evident that the executor may not take immediate possession as the administrator may, which agrees with the laws of England as to the devisee's going immediately into possession. When lands are sold, the crop on the ground will pass; a devisee by particular designation is accounted a purchaser, and in this respect he in like manner differs from the person who takes by descent. There is no ground to say devisee might keep the crop, discharged of testator's debts, when his land must go, for an action of debt will lie against devisee for what came to him by devise, 1 Esp.N.P. 248, in the same manner as we know the heir is liable to that action for what assets he may have by descent; the Acts of Assembly of Delaware do therefore rather countenance than oppose the rule of law under which the plaintiff claims. If there can be shown a different practice countenanced by the courts, we must submit to it, but as none such

can be shown, it is better that the law should be left settled, as [it] has been for centuries in England.

BASSETT, C. J. (Charge.) This is an action of trover for the recovery of grain, fodder and potatoes. Much has been [said] to you on both sides of this question. Defendants' counsel have rested his case on two points: first, this grain etc. did not pass by the will of Burton Waples; second, if it did pass, the land was rented, and they are not answerable.

The Court are of opinion that when a man devises a tract of land, unless he makes an exception, the crop passes; it is expressly so laid down in Winch 52. There is an instance I remember in this state where I was a guardian to a ward whose father, William Rodney, had devised her a tract of land on which there was a crop not saved at the time of his death; I obtained the crop as guardian.

As to the lands having been rented, no construction can be given to that agreement that will make Levin Moore other than a cropper. We cannot consider him a tenant, and such a determination would be highly injurious. Mr. Blizzard was a tenant of the other place, and, so far as relates to him, if there is a misapplication of payment he is answerable. I do not say an action will lie against him, but I say no action lies against these defendants for what they have received from him by this plaintiff. Whatever was severed is the property of defendants as executors. When land is extended in England for payment of debts, the law says the rent belongs to him to whom it is delivered, and so whatever is growing on the ground passes to devisee.

Verdict for plaintiff for £135.

Motion for rule to show cause why a new trial should not be granted: first, because the jury were mistaken and gave excessive damages; second, because there was a misdirection.

Rule granted.